UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION


CASE NO.:

DOMINGO MEDINA SAMBRANO,

     Plaintiff,

v.

THE CAFE LLC.,

     Defendant.

_____/


## COMPLAINT

Plaintiff, DOMINGO MEDINA SAMBRANO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE CAFE LLC. ("Defendant"), and alleges as follows:


## JURISDICTION AND VENUE

1. This is an action for unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), arising from Defendant's failure to properly compensate Plaintiff for overtime hours worked.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. At all times material hereto, Plaintiff was a resident of the State of Florida.

4. Defendant is a Florida limited liability company authorized to conduct business in the State of Florida.

5. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff was employed by Defendant from approximately October 2008 through May 19, 2024.

7. Plaintiff worked as a chef.

8. Plaintiff was a non-exempt employee under the FLSA.

9. During the course of his employment, Plaintiff regularly worked in excess of forty (40) hours per workweek.

10. Specifically, Plaintiff worked approximately one hundred five (105) hours per week, often working seven (7) days per week.

11. Plaintiff was compensated at a rate of approximately $32.00 per hour.

12. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled to receive overtime compensation at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) per workweek.

13. Defendant failed to compensate Plaintiff at the required overtime rate for hours worked over forty (40) per week.

14. As a result, Plaintiff worked substantial overtime hours without proper compensation.

15. From approximately June 2022 through May 19, 2024, Plaintiff worked approximately 6,370 overtime hours for which he was not properly compensated.

16. Based on Plaintiff's regular rate of pay, Defendant owes approximately $305,760.00 in unpaid overtime wages.

17. Pursuant to the FLSA, Plaintiff is entitled to an equal amount in liquidated damages, bringing the total damages to approximately $611,520.00.

18. Defendant knew or should have known that Plaintiff was working overtime hours.

19. Defendant suffered or permitted Plaintiff to work overtime.

20. Defendant failed to maintain accurate time records as required by 29 U.S.C. § 211(c).

21. Due to Defendant's failure to maintain proper records, Plaintiff relies on his recollection and reasonable estimates of hours worked.

22. Under *Anderson v. Mt. Clemens Pottery Co.*, Plaintiff is entitled to damages based on a just and reasonable inference.

23. At all times material hereto, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

24. Upon information and belief, Defendant had gross revenues in excess of $500,000.00 annually.

25. Defendant's employees, including Plaintiff, handled goods and materials that moved in interstate commerce.

26. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

27. Defendant knew its compensation practices violated the FLSA or acted with reckless disregard for the law.

28. Defendant failed to act in good faith and had no reasonable grounds for believing its conduct complied with the FLSA.

29. Plaintiff has suffered damages as a direct result of Defendant's unlawful conduct.

30. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT I

### *Wage & Hour Federal Statutory Violation (FLSA – Overtime)*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6 through 30 of this Complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional equal amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the FLSA.

33. Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a)(1), by failing to compensate Plaintiff at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) per workweek.

34. Defendant's violations were willful.

35. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages in the form of unpaid overtime compensation.

36. Plaintiff is entitled to recover unpaid wages.

37. Plaintiff is entitled to recover an equal amount as liquidated damages.

38. Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff unpaid overtime wages at amounts to be proven at trial, presently estimated at approximately $305,760.00, for hours worked in excess of forty (40) per workweek;

C.  Award Plaintiff an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b), bringing the total recovery to approximately $611,520.00;

D.  Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fee pursuant to 29 U.S.C. § 216(b);

F.  Enter such further relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____5/5/2026_____

/s/ Shedwin Eliassin
Shedwin Eliassin, Esq.
Fla. Bar No.: 1060990
GALLARDO LAW FIRM, P.A.
8492 SW 8th Street
Miami, FL 33144
Telephone: (305) 261-7000
Emails:
shedwin.eliassin@gallardolawyers.com
employment@gallardolawyers.com